[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO STRIKE (#144)
The plaintiff brought this action seeking damages for injuries he sustained while helping the plaintiff construct a barn in Cheshire, Connecticut, on July 13, 1994. The defendant CT Page 4225-C eventually commenced a third-party action sounding in common law and contractual indemnification against one Robert Shirey. The defendant claims that Shirey was the lead contractor or foreman on the job in question and that any negligence that occurred was his responsibility. Shirey has in turn brought a "fourth party complaint" against one John Mazzella, the owner of the property on which the barn was being constructed. As a part of his prayer for relief, Shirey seeks "Apportionment of liability between the Fourth Party Plaintiff and Fourth-Party Defendant."
The original plaintiff, Edward Rogan, has now moved to strike Shirey's claim for apportionment as untimely. He claims thatPublic Act 95-111, which provides that an "apportionment complaint shall be served within 120 days of the return date specified in the plaintiff's original complaint" prohibits Shirey from seeking apportionment at this time. He points out that the complaint against Mazzella was served on February 27, 1996 and that the return date of the original complaint is September 20, 1994.[1]
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Practice Book § 152(2) provides that the legal sufficiency of any prayer for relief may be tested by a motion to strike.
In opposition to the motion to strike, Shirey points to the fact that, by its terms, Public Act 95-111 "shall take effect July 1, 1995, and shall be applicable to any civil action filed on or after said date." This action, having been filed in September of 1994, with an amended complaint filed in December of 1994, clearly predates the effective date of this Public Act. Prior to the effective date of the statute, no such limitation on the time for bringing an apportionment complaint existed. Even if the third-party complaint filed by the defendant against Shirey CT Page 4225-D on June 7, 1995, and bearing a return date of June 27, 1995, were to be considered the "original complaint", either of those proposed "trigger dates" would precede the effective date of the statute. This court, however, views the Public Act's effective date as referencing the date of filing of the original complaint in this action in September of 1994, and the Public Act clearly does not apply.
The motion to strike is therefore denied.